Filed 9/19/24  Stone v. Raven CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| DONALD M. STONE, | B336380 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 23BBCV00410) |
| v. | |
| RAYMOND B. RAVEN, M.D., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank M. Tavelman, Judge.  Affirmed.

Donald M. Stone, in pro. per., for Plaintiff and Appellant.

Schmid & Voiles, Denise H. Greer, Patrick W. Mayer, and Dena J. Hayden Lambirth, for Defendant and Respondent.

Plaintiff Donald M. Stone sued defendant Raymond B. Raven, M.D. for medical negligence following a surgery performed on plaintiff's hand. The trial court granted summary judgment in defendant's favor, finding plaintiff did not present expert testimony to raise a triable issue of fact. Plaintiff appealed, arguing defendant did not meet his moving burden and that the alleged negligence is a question of common knowledge that does not require expert opinion testimony. We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Surgery and Medical Malpractice Action**

In August 2022, plaintiff consulted defendant, an orthopedic surgeon, about right-hand pain, numbness, and tingling. Defendant diagnosed plaintiff with carpal tunnel syndrome, right-ring trigger finger, and osteoarthritis in the right hand.

On August 31, 2022, plaintiff underwent surgery. Defendant performed an open carpal tunnel release surgery and a tenosynovectomy and release of the right-long and right-ring fingers. Plaintiff was referred to physical therapy after the procedure and saw defendant for post-operative care.

Plaintiff filed this action against defendant asserting a single cause of action for medical negligence. Plaintiff alleged that at the conclusion of the surgery, defendant "did not close (suture) the incision and/or did not close it completely such that it was left open to the environment." Plaintiff claimed that as a result, his hand became infected, leaving an unsightly scar when it healed, and he required therapy to make his hand and fingers close completely.

2

**B.     Defendant's Motion for Summary Judgment**

Defendant moved for summary judgment, arguing (1) he complied at all times with the standard of care, and (2) nothing he did, or did not do, caused plaintiff's injuries.  Defendant supported his motion with the declaration of Stuart Kuschner, M.D. (Dr. Kuschner).

The record does not indicate there were any objections to Dr. Kuschner's declaration, and it does not include the medical records that were submitted with it.  The declaration indicates that on September 8, 2022, approximately one week after the surgery, plaintiff was seen by defendant, and plaintiff's "incisions were intact[,] sutures were in place[,] and there was no sign of infection."  A few days later, plaintiff appeared for occupational therapy and complained of inflammation and pain.  Plaintiff reportedly "suspected infection after swimming pool hand submersion."  The following day, plaintiff returned to see defendant.  An examination of plaintiff's right hand revealed swelling and erythema around the incisions, but the sutures were still intact.  The sutures were removed at a follow-up visit. Defendant assessed plaintiff with "post carpal tunnel release and trigger finger releases, complicated by wound dehiscence" and prescribed antibiotics.  Plaintiff was also provided with instructions on how to care for the wound by washing it and avoiding wearing bandages all day long.

Dr. Kuschner opined it was appropriate to remove the sutures and allow the wound to "heal from the inside out."  He stated suturing the wound "in the face of a possible infection would be ill advisable," as the way to heal an open wound was to do exactly what defendant did, prescribe antibiotics and instruct the patient on appropriate wound care.  Dr. Kuschner indicated

3

plaintiff's wound went on to heal, and according to an occupational therapist's notes from December 2022, plaintiff had no more reports of functional difficulties. Dr. Kuschner opined defendant met the standard of care for orthopedists in all respects in the treatment of plaintiff, including his operation and post-operative care. Further, it was Dr. Kuschner's opinion that there was nothing defendant did or failed to do that caused plaintiff to suffer an infection or any harm.

In opposition, plaintiff submitted only his own declaration. He said he was awake during the surgery and at the end of the procedure, defendant stated, "[N]ow let's close it." Plaintiff said that when he saw defendant on September 8, 2022, defendant removed a bandage wrap from his hand, and plaintiff saw "stiches on the incision and did not look at it closely and thought nothing of it." He said he saw for the first time about a week later that the incision was open and the stitches did not go all the way through.

After a hearing, the trial court granted defendant's motion for summary judgment. The court found Dr. Kuschner's declaration was sufficient to carry defendant's moving burden. The court did not find persuasive plaintiff's argument that the medical treatment at issue was within a layperson's knowledge, and it determined plaintiff failed to raise a triable issue of fact by not presenting expert evidence contradicting Dr. Kuschner's declaration.

Plaintiff timely appealed.

4

## DISCUSSION

### A. Standard of Review

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law." (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636.) "A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. [Citation.] If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact. [Citation.] A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment" (*Id.* at pp. 636–637.) "We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports." (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

### B. Inadequate Argument and Record

Defendant points out several procedural defects in plaintiff's appeal. First, plaintiff did not support his appeal with "'cogent argument supported by legal analysis and citation to the record,'" which is required to demonstrate error. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153.) Plaintiff does not cite the record for most of his factual assertions and arguments, and his brief offers almost no authority in support of his contentions. He cites only Evidence Code section 801 and one case, *Kotla v. Regents of University of*

*California* (2004) 115 Cal.App.4th 283 (*Kotla*), which as discussed further below, is inapposite.

Second, plaintiff did not submit an adequate record on appeal. To properly conduct our de novo review of the order granting summary judgment, we must consider all the evidence and papers submitted in connection with the motion. (*Merrill v. Navegar, Inc.*, *supra*, 26 Cal.4th at p. 476.) Plaintiff has not included the medical records reviewed by and attached to the declaration of Dr. Kuschner, the separate statement of undisputed material facts filed with the motion,[1] defendant's reply to plaintiff's opposition, and defendant's objections to plaintiff's declaration, several of which were sustained by the trial court.

Appealed orders and judgments are presumed correct, and appellants must overcome this presumption by affirmatively showing error on an adequate record. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Because the record provided by plaintiff is deficient, his claims of error are forfeited. (See *Id.* at p. 609; *United Grand Corp. v. Malibu Hillbillies, LLC*, *supra*, 36 Cal.App.5th at p. 153.) However, even when we consider the merits, plaintiff's arguments are not persuasive.

---

[1]     Plaintiff included his response to defendant's separate statement in the record. However, plaintiff's response did not comply with the requirements of California Rules of Court, rule 3.1350(f). It did not identify the purported undisputed facts to which plaintiff was responding and did not state whether plaintiff was disputing each fact.

**C.    Summary Judgment was Properly Granted for Defendant**

Plaintiff argues the trial court erred in granting defendant's motion for summary judgment because (1) Dr. Kuschner's declaration was insufficient to support summary judgment and (2) plaintiff was not required to present conflicting expert testimony to create a triable issue of fact because the facts of the case were within the common knowledge of a layperson. We disagree.

An action for medical malpractice requires a plaintiff to prove four elements: "'(1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury'"; and (4) resulting damages.  (*Gami v. Mullikin Medical Center* (1993) 18 Cal.App.4th 870, 877.)  ""'"The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony [citations], unless the conduct required by the particular circumstances is within the common knowledge of the layman." [Citations.]'" (*Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001 (*Flowers*).) Further, proximate cause must be proven within a reasonable medical probability based on competent expert testimony. (*Chakalis v. Elevator Solutions, Inc.* (2012) 205 Cal.App.4th 1557, 1572 (*Chakalis*); *Salasguevara v. Wyeth Laboratories, Inc.* (1990) 222 Cal.App.3d 379, 385 ["medical causation can only be determined by expert medical testimony"].)

The common knowledge exception, which dispenses with the need for expert testimony, is narrow. (*Scott v. Rayher* (2010) 185 Cal.App.4th 1535, 1542.) It "is principally limited to situations in which the plaintiff can invoke the doctrine of res ipsa loquitur, i.e., when a layperson 'is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised.'" (*Flowers*, *supra*, 8 Cal.4th at p. 1001, fn. omitted.) Unless the common knowledge exception applies, expert testimony is conclusive, and a defendant is entitled to summary judgment if the plaintiff does not come forward with conflicting expert evidence. (*Id.* at p. 1001; *Borrayo v. Avery* (2016) 2 Cal.App.5th 304, 310.)

Dr. Kuschner's declaration was adequate to satisfy defendant's moving burden on summary judgment. Dr. Kuschner opined defendant complied with the applicable standard of care in all respects. This included the operation on plaintiff's hand and allowing plaintiff's wound to heal "from the inside out," as suturing the wound "in the face of a possible infection would be ill advisable." Moreover, Dr. Kuschner opined to a reasonable degree of medical probability that nothing defendant did or failed to do caused or contributed to any injury alleged by plaintiff.

Plaintiff contends he was not required to submit conflicting expert testimony to raise a triable issue of fact because the facts of this case are such that they are within the common knowledge of the average layperson. Plaintiff argues a layperson could tell that defendant never properly closed the incision made during surgery.

To the extent that Plaintiff's argument implies the wound was not sutured at all, that is not the case. Dr. Kuschner

8

indicated that when plaintiff was seen by defendant on September 8, 2022, plaintiff's incisions were intact and the sutures were in place.[2] Plaintiff himself admitted he "saw stitches on the incision" that day.

In this case, the question is more complicated. Dr. Kuschner opined it was appropriate to remove the sutures and allow the wound to "heal from the inside out" as there was a possibility of infection. Plaintiff cites no authority to show that a layperson can assess whether or not this is correct. He cites Evidence Code section 801, but it merely contains the rule that expert testimony is limited to subjects sufficiently beyond common experience such that expert opinion would assist the trier of fact. The case he cites, *Kotla, supra*, 115 Cal.App.4th 283, is inapposite. *Kotla* concerned a human resources management expert who was allowed to testify about retaliation "indicators" in a wrongful termination action. (*Id.* at pp. 286, 289.) The appellate court held the expert's testimony was inadmissible because the expert "was in no better position than [the jury] to evaluate the evidence concerning retaliation." (*Id.* at p. 293.) Thus, *Kotla* does not establish expert testimony was not required to prove standard of care or causation in this medical malpractice case.

Plaintiff does not show the procedures performed by defendant (an open carpal tunnel release surgery and a tenosynovectomy and release of the right-long finger and right-

---

[2]     We must assume the medical records submitted to the trial court or the uncontested facts, neither of which plaintiff provided on appeal, supported Dr. Kuschner's opinion. (See *Jameson v. Desta, supra*, 5 Cal.5th 594, 609 [failure to provide an adequate record on an issue requires that the issue be resolved against the appellant].)

ring finger), the assessment of plaintiff with post-operative wound dehiscence after suturing, and the post-operative care of plaintiff's open wound are matters within a layperson's common knowledge. Accordingly, plaintiff was required to present conflicting expert testimony to meet the shifted burden. Because plaintiff did not do so, he did not raise a triable issue of fact. (*Flowers*, *supra*, 8 Cal.4th at p. 1001; *Chakalis*, *supra*, 205 Cal.App.4th at p. 1572.) Summary judgment for defendant must therefore be affirmed.

## DISPOSITION

The judgment is affirmed. Defendant is awarded costs on appeal.

MORI, J.

We concur:

CURREY, P. J.

COLLINS, J.